Filed 3/19/15  Marriage of Van Der Veer and Regalbuto CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of LOTTE VAN DER VEER and MICHAEL ANTHONY REGALBUTO _____ LOTTE VAN DER VEER, Petitioner and Appellant, v. MICHAEL ANTHONY REGALBUTO, Respondent. | B254486 (Los Angeles County Super. Ct. No. SD031662 |

APPEAL from an judgment of the Superior Court of Los Angeles County, Matthew C. St. George, Temporary Judge.* Reversed and remanded.

Law Office of Jane S. Preece and Jane S. Preece for Petitioner and Appellant.

Linda T. Barney for Respondent.

_____

*     (Pursuant to Cal. Const., art. VI, § 21.)

In this marital dissolution action, Lotte van der Veer and Michael Regalbuto settled their dispute in two written agreements. Regalbuto then moved for entry of judgment under Code of Civil Procedure section 664.6 and submitted a proposed judgment that added approximately 30 pages of new provisions to the parties' settlement agreements. The trial court entered judgment based on Regalbuto's proposed judgment and van der Veer appealed, arguing that the judgment improperly added material terms to the parties' stipulated agreements. We agree and reverse.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

The parties were married on February 14, 2011. On March 8, 2013, van der Veer filed a petition for dissolution of marriage. Two weeks later, the parties agreed in a seven-page agreement to joint legal and physical custody of their daughter.

On May 16, 2013, the parties entered into a second written agreement. It provided, *inter alia,* that Regalbuto would pay van der Veer child support and spousal support, that all personal property acquired during marriage would be divided equally, and that Regalbuto would pay van der Veer $6,500 for her attorney's fees. This four-page agreement further provided that its terms would be incorporated into a judgment under Code of Civil Procedure section 664.6 (section 664.6) and that Regalbuto's counsel would prepare the judgment. The agreement was filed with the court on May 20, 2013.

On June 28, 2014, Regalbuto's counsel emailed van der Veer a 39-page proposed judgment. The document incorporated most of the terms of the two prior agreements but added a number of new terms, including the following: (1) certain checking accounts, accrued benefits in a retirement account, and interest in certain real property would be characterized as Regalbuto's separate property; (2) van der Veer would indemnify Regalbuto from certain debts; (3) Regalbuto would have the right to claim

---

[1] Regalbuto argues that we should strike any provisions that "should not have been included" in the judgment instead of reversing. As he cites no authority in support of this argument, we disregard it. (*Huntington Landmark Adult Community Assn. v. Ross* (1989) 213 Cal.App.3d 1012, 1021 [Contentions supported by neither argument nor citation of authority are deemed to be without foundation and to have been abandoned.])

a dependency tax exemption for the parties' child; and (4) certain payments made by Regalbuto to van der Veer would be deemed spousal support. The proposed judgment also added six pages of "releases, warranties, [and] waivers." Van der Veer responded to the emailed proposed judgment that she no longer was represented by counsel and could not "read anything legal" until she obtained new counsel.

On September 5, 2013, Regalbuto moved for entry of judgment under section 664.6 based on the parties' written agreements. He attached the 39-page proposed judgment to his motion. Van der Veer opposed the motion on the ground that she needed money to hire an attorney to advise her before she could proceed.[2]

On October 8, 2013, the court granted the motion and asked Regalbuto's counsel "to prepare a Stipulated Judgment incorporating the terms and conditions of the Stipulated Agreement filed with the court on May 20, 2013." The matter was set for an order to show cause "re: Entry of Judgment" on December 17, 2013.

On December 4, 2013, van der Veer filed a declaration. In it, she objected to the proposed judgment that had been attached to Regalbuto's motion on the ground that "it contain[ed] boilerplate and other additional, expanded terms beyond those that were specifically agreed to as part of the May 20, 2013 Stipulated Settlement Agreement." Van der Veer also attached her own proposed judgment consisting only of a completed Judicial Council form entitled "Judgment" and the parties' two stipulated written agreements.

On December 16, 2013, Regalbuto served an amended proposed judgment (Amended Proposed Judgment) on van der Veer. The Amended Proposed Judgment, still 39 pages long, made various changes to the original proposed judgment but still contained the additional terms listed above. It is unclear from the record when this document was submitted to the trial court.

At the hearing the next day, van der Veer argued that the Amended Proposed Judgment "continues to exceed the terms of previously stipulated agreements."

---

[2]     Regalbuto had not yet paid her the attorney's fees due under the May 16, 2013 agreement.

3

Regalbuto's counsel acknowledged that the Amended Proposed Judgment contained terms that were not in the stipulated agreements, including the award of a tax exemption to Regalbuto and certain waivers. But she contended the Amended Proposed Judgment was more "complete" and "protect[ed] both [parties]."

The court stated that "[t]his judgment appears to be very fair in its division of assets. . . . [W]hat [the Amended Proposed Judgment] does, because [Regalbuto's] counsel has experience in these things, is she's incorporated all of that into a judgment . . . it incorporates all the terms and conditions that you previously agreed to as the stipulated agreement." Van der Veer responded "I believe it contains more." The court acknowledged that "it has more in response to your objections" and stated that "the waivers . . . are standard language, and they really should not be an obstacle to this judgment proceeding."

The court entered judgment based on the Amended Proposed Judgment. Van der Veer timely appealed.

*CONTENTIONS*

Van der Veer contends the trial court erred in entering a judgment that added material terms to the parties' stipulated agreements. Regalbuto does not deny that the judgment added material terms, but argues that van der Veer waived her objections to the additional terms.[3]

---

**3** Regalbuto also argues that two of the new provisions in the judgment – the award of a tax exemption to Regalbuto and the characterization of certain property transfers as spousal support – were simply the court's "interpretation of the [parties'] agreement." First, this argument addresses only two of the numerous new provisions that van der Veer never consented to; therefore, we may resolve this appeal without reaching it. Second, these provisions were not simply interpretations of the terms of the settlement but additional awards of property to Regalbuto. (See *Monterey County v. Cornejo* (1991) 53 Cal.3d 1271 [trial courts have discretion to allocate the dependency tax exemption to either parent]; Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶ 10:15 [spousal support is generally taxable to the recipient and deductible by the payor].)

4

Section 664.6 provides that "[i]f parties to pending litigation stipulate, in a writing . . . or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." "Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment (citations), nothing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810 (*Weddington*).) Thus, "a trial court cannot enforce a settlement under section 664.6 unless the trial court finds the parties expressly consented . . . to the material terms of the settlement. [Citation.]" (*Bowers v. Raymond J. Lucia Companies, Inc.* (2012) 206 Cal.App.4th 724, 732.)

Here, Regalbuto does not dispute that the judgment contained many material terms that had not been expressly (or even implicitly) consented to by van der Veer in the parties' stipulated agreements. In fact, it is undisputed that van der Veer repeatedly objected to the transformation of the parties' written agreements, totaling 11 pages, into a 39-page judgment containing additional terms. However, Regalbuto argues the judgment was proper because van der Veer "waived objection to entry of the judgment" by failing to object to the new terms when she opposed Regalbuto's motion to enter judgment. This argument is without merit.

First, the Amended Proposed Judgment was not even served on van der Veer at the time of the hearing on the motion to enter judgment; therefore, she could not have objected to its terms at that time. Second, waiver is the " 'intentional relinquishment or abandonment of a known right' (citation)"; what Regalbuto is referring to more akin to forfeiture or "the failure to make the timely assertion of a right." (*People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9.) However, Regalbuto served the Amended Proposed Judgment on van der Veer only the day before the order to show cause on

entry of judgment and she timely asserted her objections to this document at that hearing.

Finally, the court's entry of judgment here was contrary to the plain language of section 664.6 as well as the legal principles underlying the statute. Section 664.6 requires that the parties stipulate either in a writing or orally before the court to the terms of the settlement. Here, there was no evidence that the parties stipulated to the new terms either in writing *or* orally before the court. In addition, "[s]ection 664.6 was enacted to provide a summary procedure for specifically enforcing a settlement *contract* without the need for a new lawsuit. [Citation.] . . . [¶] [¶] A settlement agreement is a contract . . . [and] [a]n essential element of any contract is 'consent' . . . [which] must be 'mutual.' [Citations.]" (*Weddington, supra,* 60 Cal.App.4th 793, 809-811 (emphasis added).) Here, no contract was formed as to the additional terms inserted into the judgment because van der Veer never agreed to them.[4]

Accordingly, as van der Veer did not consent to many of the material terms in the judgment, it must be reversed.

---

[4] Regalbuto briefly argues that, with respect to one of the real estate properties addressed in the judgment, van der Veer did "agree[] to the disposition [of this property] on the record" based on van der Veer's comment to the court that she "underst[ood] that's [Regalbuto's] property . . . . " First, this argument addresses only one of the numerous new terms added to the judgment; therefore, we can resolve this appeal without reaching it. Second, van der Veer's stray comment at a hearing did not constitute a stipulation for settlement as to that particular property for the purposes of section 664.6. (Cf. *In re Marriage of Assemi* (1994) 7 Cal.4th 896 [holding that the trial court did not err in enforcing a stipulated settlement based on evidence that the parties explicitly defined and placed on the record the terms of the settlement and expressly stated in response to the court's inquiry that they understood and agreed to those terms.])

6

## *DISPOSITION*

The judgment entered under section 664.6 is reversed. Van der Veer is to recover her costs on appeal. The matter is remanded for entry of judgment based solely on the terms of the parties' written settlement agreements.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

EGERTON, J.*

WE CONCUR:

KITCHING, Acting P. J.

ALDRICH, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.